UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
JUN 17 2019
CLERK'S OFFICE
DETROIT

AUTOPRIDE COLLISION, EAST, INC.,

            Plaintiff,

v.

UNITED STATES OF AMERICA,

            Defendant.
_____/

Case No. 19-cv-10514

Paul D. Borman
United States District Judge

## OPINION AND ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) (ECF #7)

### I.    BACKGROUND

This matter involves Plaintiff Autopride Collision, East, Inc.'s repeated request for abatement of penalties and interest thereon that accrued due to its failure to timely file Form 941 returns, failure to make tax deposits, and failure to timely pay Form 941 taxes for a total of six tax quarters during 2011 and 2012. Plaintiff insists that the penalties should be abated on the reasonable grounds cause because a third-party payroll processor caused the above failures. In 2017, Plaintiff filed a suit against Defendant United States of America, which this Court dismissed for lack of subject matter jurisdiction. *Autopride v. U.S.*, No. 17-cv-11844, ECF #7, PgID 123 (E.D. Mich. Dec. 21, 2017) ("*Autopride I*"). The Court dismissed *Autopride I* because Plaintiff had neither paid the full amount of the amount of the penalty

1

assessment prior to seeking a refund of the penalty, nor had Plaintiff filed a refund action as required by 26 U.S.C. § 7422 for the amounts paid. Now, Plaintiff has paid the full amounts and filed a lawsuit alleging the same three counts against Defendant United States, but Plaintiff has yet to file a timely refund action seeking a refund of any amounts paid, a jurisdictional prerequisite for filing suit in this Court. Again, the Court will dismiss Plaintiff's claims seeking "abatement"[1] for lack of subject matter jurisdiction.

## II. FACTS

The following allegations are taken from Plaintiff's Complaint and attachments to Defendant's Motion.[2] Plaintiff is a tax-paying corporation formed under the laws of the State of Michigan. (ECF #1, Compl. ¶ 1.) Plaintiff is subject to the employment and income tax requirements of withholding and remitting taxes withheld from employees' payroll checks to deposit and pay over to the United States Treasury. (*Id.* ¶ 4.) Beginning on or about the third quarter of 2011 and continuing through the last quarter of 2012, specifically: third quarter 2011, fourth

---

[1] Like *Autopride I*, Plaintiff phrases its claims as requests for abatement in Counts I, II, and III, but states in the instant Complaint, Plaintiff "makes this claim for refund of taxes paid." Therefore, the Courts considers this a claim to refund its penalty under 28 U.S.C. § 1346 and 26 U.S.C. § 7422.

[2] "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *3D Sys., Inc. v. Envisiontec, Inc.*, 575 F. Supp. 2d 799, 803 (E.D. Mich. 2008)

quarter 2011, first quarter 2012, second quarter 2012, third quarter 2012 and fourth quarter 2012, Plaintiff failed to properly withhold, deposit, file and pay payroll deposits. (*Id.* ¶ 5.) At the time of these failures, Plaintiff had its payroll processes administered through a third-party payroll administrator who was a professional tax preparer and bookkeeper. (*Id.* ¶ 6.)

The Internal Revenue Service sent Plaintiff notices of the failure to remit and all said notices were received by the third-party payroll provider as agent of record for Plaintiff. Unknown to Plaintiff, the bookkeeper attempted to file and pay all the deficient returns and taxes prior to the principals of Plaintiff having knowledge of the issue. (*Id.* ¶¶ 7-8.) Upon assessment of significant penalties in addition to the tax, the third-party payroll provider approached the Plaintiff and explained what had happened. At that point in time, the original tax had been paid, with the only remaining debt being the penalty. (*Id.* ¶¶ 9-10.)

Shortly after these events occurred, Plaintiff terminated the third-party payroll provider and hired another firm to provide the service. The new payroll firm, also an office of certified public accountants, filed a request to abate the penalties based in part on Plaintiff's reliance on a professional in handling the payroll responsibilities for Plaintiff. (*Id.* ¶¶ 11-12.) According to Plaintiff, the Internal Revenue Service did not reply to the requests of the Taxpayer in a timely manner, and the Taxpayer filed a number of requests for an update or determination of its

request continuing until March, 2017. (*Id.* ¶ 13.) The Plaintiff avers that the Taxpayer appeal was denied, according to the IRS, some time ago but only recently communicated to the taxpayer. (*Id.* ¶ 14.)

Defendant United States attached certain documents to its Motion, including IRS Account Transcripts and correspondence between Plaintiff and Debra Barker, an IRS Revenue Officer, and correspondence between Plaintiff and the IRS Appeals Office. On June 20, 2013, Revenue Officer Barker denied Plaintiff's request for a penalty adjustment, explaining that the information contained in a May 28, 2013 letter from Plaintiff did not establish reasonable cause for adjusting the penalty and explaining to Plaintiff the Appeal Procedures. (ECF #7-3, June 20, 2013 Letter.) On July 1, 2013, Robert Taylor of the CPA firm Taylor & Morgan sent a letter to Ms. Barker stating that Plaintiff would like to appeal the tax decision regarding their abatement request and stating that a detailed explanation would follow explaining Plaintiff's entitlement to relief. (ECF #7-4, July 1, 2013 Letter.) On October 30, 2013, Leonard Bartold of the IRS Appeals Office sent a letter to Mr. Dunigan at Plaintiff Autopride explaining that based on the facts presented, "including the additional information you submitted," the determination had been made that there was "no basis for abatement of the penalty(s) . . . within the protective framework of reasonable cause." (ECF #7-5, October 30, 2013 Letter.) The letter explained that the case was then closed in Appeals and explaining that in order to file suit with the

United States District Court or the United States Court of Federal Claims, Plaintiff had to pay the balance of the assessed penalty, file a Form 843, Claim for Refund and Request for Abatement, with the IRS Service Center which would issue a formal notice of claim disallowance, giving Plaintiff two years to bring formal suit. (*Id.*)

A year later, on October 10, 2014, Plaintiff's present counsel wrote a letter to the IRS attaching Form 843s for Plaintiff for the last two quarters of 2011 and all quarters of 2012, dated October 10, 2014, and asking for "consideration" of the enclosures. (ECF #7-6, Oct. 10, 2014 Letter.) At this time, Plaintiff still had not paid the penalties assessed. In response to the October 10, 2014 letter from Mr. Salim, on November 5, 2014, the IRS sent Plaintiff a letter explaining that a review of the case file shows that Plaintiff had previously exercised its appeal rights with respect to the penalties assessed. (ECF #7-7, Nov. 5, 2014 Letter.) The letter again explained that the next level of appeal would be to file a petition with the court, which could be done "after the penalties are paid" *and* a claim for refund had been filed with the Service Center and a formal disallowance issued. (*Id.*)

On June 9, 2017, without paying the penalties and filing a refund claim along with a request for an immediate claim disallowance as clearly directed by the IRS, Plaintiff filed *Autopride I*, which this Court dismissed due to Plaintiff's failure to pay the penalties under *Flora v. United States*, 362 U.S. 145, 146 (1960) and failure

5

to satisfy the jurisdictional requirements of 26 U.S.C. § 7422. *See Autopride v. U.S.*, No. 17-cv-11844, ECF #7, PgID 123 (E.D. Mich. Dec. 21, 2017).

In July 2018, Plaintiff paid the penalties that it now disputes, in addition to the interest accrued on those penalties (ECF #7-2, Tax Transcripts), but Plaintiff has not filed and had a claim for a refund disallowed by the IRS after paying the penalty assessment.

### III. PROCEDURAL HISTORY

On February 20, Plaintiff filed its Complaint. (ECF #1.) The Complaint contains the same three counts for "abatement of penalty" under IRC §§ 6651, 6652, and 6656 as *Autopride I*. On April 30, 2019, Defendant filed its Motion to Dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF #7.) Plaintiff filed its Response (ECF #8) on May 13, 2019, and on May 28, 2019, Defendant filed its Reply in support of its Motion (ECF #9).[3]

### IV. STANDARD OF REVIEW

"'It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Thus, a motion to dismiss on the basis of sovereign immunity tests the

---

[3] The Court has determined that oral argument will not assist the Court in resolving the matters raised in the motion and therefore will determine the matter on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

Court's subject matter jurisdiction. *Memphis Biofuels, LLC v. Chickasaw Nation Industries, Inc.*, 585 F.3d 917, 919-20 (6th Cir. 2009). Challenges to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prod., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Under a facial attack, all of the allegations in the complaint must be taken as true, much as with a Rule 12(b)(6) motion. *Gentek*, 491 F.3d at 330 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Under a factual attack, however, courts can actually weigh evidence to confirm the existence of the factual predicates for subject matter jurisdiction. "Where. . . there is a factual attack on the subject-matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations" and "the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.*

## V. ANALYSIS

Much of this analysis is redundant from the Court's Order dismissing Plaintiff's case in *Autopride I*, but clearly repetition is necessary because Plaintiff is here again, not having fulfilled the jurisdictional requirements to proceed before this Court that were laid out in the prior case.

The United States retains its sovereign immunity from suit unless it has consented to suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Where a

sovereign consents to suit by statute, the terms of the statute dictate the jurisdictional prerequisites to maintaining suit against the sovereign and the burden is on the plaintiff to establish compliance with the statutory prerequisites. *See Brott v. United States*, 858 F.3d 425, 430 (6th Cir. 2017) ("Congress may generally condition any grant of jurisdiction over suits against the United States by requiring that such suits be brought in a specific forum or by limiting the means by which a right is enforced."); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1992) ("The burden is on the plaintiff since the statute outlines the terms under which the United States has waived sovereign immunity and thereby consented to suit.").

Plaintiff asserts that jurisdiction is proper in this Court against the United States for its claim under 28 U.S.C. § 1346. (ECF #1, ¶3.) Section 1346(a)(1) provides that a district court has original jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

Plaintiff also alleges that jurisdiction is established under 26 U.S.C. § 7422, which permits actions seeking refunds of amounts paid. (ECF #1, ¶3.) Section 7422 operates as a limitation on refund suits brought under 28 U.S.C § 1346(a)(1), which is a narrow waiver of sovereign immunity. *See United States v. Dalm*, 494 U.S. 596,

601 (1990) ("Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions [including 26 U.S.C. § 7422(a)] which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions.")

Here, Plaintiff has not filed a Form 843 claim for a refund after payment of the penalties but before the commencement of a lawsuit, so he has not complied with the jurisdictional prerequisites under § 7422.[4] The IRS specifically directed Plaintiff to pay the penalties, file a claim for a refund *after* payment, and request an immediate claim disallowance, thereby permitting Plaintiff to *properly* file its claim for a refund of the penalties in federal court. (ECF #7-7, Nov. 5, 2014 Letter.) While it states it did not receive other communications from the IRS, Plaintiff does not allege not receiving this letter. Further, the Court stated in its Order dismissing *Autopride I*, that Plaintiff must "*file[] a refund action under 26 U.S.C. § 7422 seeking a refund of any amounts paid,*" and that its failure to do so – along with its failure to pay the

---

[4] 26 U.S.C. § 7422(a), "No suit prior to filing claim for refund," states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard*, and the regulations of the Secretary established in pursuance thereof.

(Emphasis added).

full amount of the penalty assessment – deprived the Court of subject matter jurisdiction over its claim. *See Autopride v. U.S.*, No. 17-cv-11844, ECF #7, PgID 123 (E.D. Mich. Dec. 21, 2017) (emphasis added). Plaintiff's interpretation of the Opinion and Order otherwise, *i.e.*, that the Court merely stated that Plaintiff was "required to pay the full amount of the underlying assessment for which any portion is subject to an abatement request," (Pl.'s Resp., ECF #8, PgID 69), mischaracterizes and conveniently ignores the Court's plain observation that Plaintiff's failure to file a refund claim in accordance with Section 7422 would also keep it out of federal court.

Plaintiff's argument that its administrative refund claim would be disallowed by the IRS and therefore is excusable holds no water. *See United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269 (1931). Indeed, the IRS anticipated the rejection of the claim and accounted for that by instructing Plaintiff to request an immediate disallowance. Defendant explains that Plaintiff was instructed to do so because it could then more quickly file a claim in federal court rather than wait for the normal six-month time period for the rejection of refund claim. (Def.'s Mot., ECF #7, PgID 27, n. 2.) Plaintiff must comply with *all* administrative steps statutorily required to vest this Court with subject matter jurisdiction over its claims.

## VI. CONCLUSION

Based on the reasons stated above, the Court GRANTS Defendant United States of America's Motion to Dismiss Plaintiff Autopride Collision, East, Inc.'s Complaint (ECF #1). This matter is CLOSED.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: June 17, 2019